## JAMES F. CLEARY v. FRANK A. KENDALL.

On an appeal taken from the judgment of the Circuit Court in a disputed election case, under section 113 of the act to regulate elections, there must be some formal act done in the court from which the appeal is taken.

On appeal from the judgment of the Circuit Court in matter of a contested election of an excise commissioner in the city of Camden.

Argued at June Term, 1890, before Justices SCUDDER and REED.

For the appellant, *J. W. Wescott.*

For the appellee, *F. A. Rex.*

The opinion of the court was delivered by

SCUDDER, J.    The contestant, James F. Cleary, filed a petition under section 104 of the Election law, setting forth that he had a larger number of legal votes for the office of excise commissioner than Frank A. Kendall, who was declared to be elected to said office by the board of return judges. The incumbent filed a formal plea to the jurisdiction of the court, which was overruled. The testimony of witnesses was taken, the argument of counsel heard, and the court decided that the contestant was duly elected. Judgment was entered for the contestant, and an order issued to carry into effect the judgment of the court. This final order was dated May 6th, 1890, and by its command the contestant was put in possession of his office.

On May 6th, 1890, the attorney of Kendall served a notice of appeal on the attorney of Cleary, and on May 12th succeeding, a notice of argument at the June Term of the Supreme Court was also served. These are all the proceedings that

have been taken, except an assignment of errors, annexed to the state of the case, and motion is made to dismiss the cause for want of due prosecution.

By section 113 the party against whom judgment is entered may appeal for error of law only, within twenty days, to the Supreme Court. By section 114 such appeal shall take pre-cedence over all other causes upon the list of arguments ; and by section 114, if, upon appeal, the judgment be affirmed, the judgment of the Circuit Court shall be enforced.

No form for the appeal is given. It is merely said that the party may appeal. If no form is prescribed in the statute, it must be taken according to the practice which obtains in courts where appeals are taken from an inferior to a superior tribunal; for when the statute is silent as to the procedure, it will be construed with reference to the existing practice, and it will be presumed that this was intended. A careful consideration of this subject will be found in the opinion of Chancellor Green, in *Hillyer* v. *Schenck*, 2 *McCart.* 398, in which he says that he is " not aware that an appeal from the decree of any tribunal, legal, equitable or ecclesiastical, ever has been or could be taken by mere oral declaration. What-ever may be its form, it must be accompanied by some act, or evinced by some writing, which shall give it formal solemnity and render it readily susceptible of proof." He also holds that all appeals from grievance ought to be made in writing, and interposed within the time prescribed, and that the demand and filing of the appeal should be in the court below. *Clark* v. *Haines*, 3 *Gr. Ch.* 131; *Claypool* v. *Norcross*, 10 *Stew. Eq.* 261 ; *Barton* v. *Long*, 18 *Id.* 160, confirm this practice, that there must be some formal act done in the court from which the appeal is taken, within the time specified. The citations given are from courts wherein appeals are usually taken under procedure not according to the course of common law; but where an appeal is given by statute to a common law court the practice in other courts may be used, properly, for illustration, for uniformity and for the true interpretation of the law.

As nothing appears to have been done in court, formally, in demanding or filing an appeal in the Circuit Court, this case will be taken from the list of causes and dismissed.